Tolen J. MCMAHON, Plaintiff-Appellant,

v.

T.E. BROWN, Midelfort Clinic, Ltd., Transportation Ins. Co., and Patient's Compensation Fund, Defendants-Respondents.†

Court of Appeals

*No. 84–1515. Submitted on briefs April 29, 1985.—*
*Decided June 25, 1985.*
(Also reported in 371 N.W.2d 414.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the appellant there was a brief by *Gavic Law Office* of Spring Valley.

For the respondents there was a brief by *Tinkham, Smith, Bliss, Patterson, Richards & Hessert* of Wausau.

Before Cane, P.J., Dean and LaRocque, JJ.

DEAN, J.   Tolen McMahon appeals a judgment dismissing her complaint against Dr. T.E. Brown and others following a jury verdict in Brown's favor. McMahon alleged that Brown breached an express agreement with her by replacing breast implants when the parties agreed only to the removal of her existing implants. McMahon also charged that Brown's breach of the contract was actionable negligence and an assault. She sought damages for medical expenses, pain, and suffering. She also sought punitive damages.

The trial court, over McMahon's objection, submitted the case to the jury solely on a negligence theory. The special verdict asked whether Brown was negligent in his care and treatment of McMahon. The trial court gave the pattern instructions on medical malpractice and informed consent. No question nor instruction concerning the existence or effect of a specific agreement between the parties was given. Because the instructions did not require the jury to resolve the basic controversy between the parties, namely the existence and scope of

the alleged agreement, we reverse and remand this matter for a new trial.

Brown and McMahon agree that she wanted her existing breast implants removed for health reasons. They also agree that they discussed the alternative medical procedures available to her. They disagree, however, about which operation McMahon finally requested. McMahon argues that Brown was to simply remove the implants. She contends that she wanted to return to a "natural state" without breast implants, even though she realized that without new implants she might be flat-chested. Brown argues that they agreed to the removal of the existing implants and the reconstruction of her breasts, which could include inserting new implants. McMahon denies that Brown indicated that he might put in new implants, and denies that she agreed to new implants. The parties and the trial court recognized that resolution of this dispute was central to the litigation, yet the jury was not asked to decide whether the parties expressly agreed to a particular surgery. Brown argues that this issue is covered by the question and instructions actually given.

■ We agree that the verdict question was sufficient in light of the parties' arguments. The form of a special verdict is discretionary with the trial court, and this court will not interfere as long as all material issues of fact are covered by appropriate questions. *Meurer v. ITT General Controls,* 90 Wis. 2d 438, 445–46, 280 N.W.2d 156, 160 (1979). The trial court submitted the question whether Brown was negligent in his care and treatment of McMahon. McMahon argues that the case actually involved a negligent breach of contract. Although malpractice may sound in either tort or contract, *Klingbeil v. Saucerman,* 165 Wis. 60, 62, 160 N.W. 1051, 1051 (1917), the trial court reasonably construed McMahon's

action as sounding in tort. McMahon sought punitive damages and damages for pain and suffering, neither of which are traditionally recoverable in a contract action. *Entzminger v. Ford Motor Co.*, 47 Wis. 2d 751, 757–58, 177 N.W.2d 899, 903 (1970) ; *Frechette v. Ravn*, 145 Wis. 589, 591, 130 N.W. 453, 453 (1911). McMahon also repeatedly referred to Brown's alleged "negligence" in failing to comply with their agreement. The trial court properly concluded that this was part of Brown's common law duty to exercise proper skill and care. The trial court added that McMahon could argue to the jury that she requested a specific operation and did not receive it.

The trial court also has broad discretion concerning jury instructions. *State v. Higginbotham*, 110 Wis. 2d 393, 403, 329 N.W.2d 250, 255 (Ct. App. 1982). The instructions, however, must be framed with regard to the evidence. *D.L. v. Huebner*, 110 Wis. 2d 581, 624, 329 N.W.2d 890, 910 (1983). The standard instructions are of great assistance, but should be tailored to meet the needs of the specific case. *Leibl v. St. Mary's Hospital*, 57 Wis. 2d 227, 233, 203 N.W.2d 715, 718 (1973). We view jury instructions as a whole to determine whether the jury was fully and fairly instructed. *Kuhlman, Inc. v. G. Heileman Brewing Co.*, 83 Wis. 2d 749, 756, 266 N.W.2d 382, 386 (1978). Where an erroneous instruction appears, we will not reverse unless it is probable that the jury was misled to a different result than if the error had not occurred, *La Chance v. Thermogas Co.*, 120 Wis. 2d 569, 577, 357 N.W.2d 1, 5 (Ct. App. 1984), or it appears from the record that the real controversy has not been fully tried. *Clark v. Leisure Vehicles, Inc.*, 96 Wis. 2d 607, 620, 292 N.W.2d 630, 636 (1980) ; sec. 752.35, Stats.

The trial court gave Wisconsin pattern jury instructions 1023 and 1023.2. *See* Wis JI—Civil 1023 (1984) ;

Wis JI—Civil 1023.2 (1977). These instructions allowed the jury to ignore any specific agreement between McMahon and Brown. Instruction 1023 provides that where more than one method of treatment for a condition is recognized, the doctor is at liberty to select any of said methods. Likewise, a doctor is not accountable for a mistake in judgment if his judgment was made with the care required of him as a surgeon. The jury could have concluded that Brown was free to insert new breast implants regardless of his alleged agreement to perform a specific procedure. Instruction 1023.2 states that a physician must make such disclosures as will permit an informed consent to the operation proposed. The instruction is not helpful because the "proposed operation" is itself in dispute.

Courts recognize that a physician may contract to cure a patient or to accomplish a particular result. *See* 61 Am. Jur. 2d *Physicians, Surgeons* § 161 at 292–93 (1981); Annot., 43 A.L.R.3d 1221 (1972); W. Prosser, Handbook of the Law of Torts § 32 at 162 (4th ed. 1971). Similarly, a physician may also agree to perform a specific operation. In such a case, the standard instructions should be modified to place in issue the existence and scope of the alleged agreement. McMahon requested an instruction that would have informed the jury that if the parties agreed to a particular operation, the physician was bound to follow the patient's choice. This instruction or a similar one should have been given in this case. Whenever an agreement is alleged, we believe it is imperative that the patient show an express agreement before the physician's discretion is limited. *See* 61 Am. Jur. 2d *Physicians, Surgeons* § 183 at 312–13 (1981); Annot., 43 A.L.R.3d 1221, 1230 (1972). Moreover, as in malpractice actions founded on assault, an emergency may justify departure from an agreement.

*See Suskey v. Davidoff,* 2 Wis. 2d 503, 505, 87 N.W.2d 306, 308 (1958) ; *Paulsen v. Gundersen,* 218 Wis. 578, 583–84, 260 N.W. 448, 451 (1935).

The evidence in this case was highly conflicting concerning the existence and nature of a specific agreement. The trial court correctly noted that the case involved a clear question of credibility. Under the instructions given, we cannot determine whether the jury resolved the question of credibility in Brown's favor or considered any agreement irrelevant. Although we cannot say that McMahon would probably win on a retrial, we do conclude that the real issue in this case has not been fully tried. Pursuant to sec. 752.35, Stats., we remand the case to the trial court for a new trial.

Because our resolution of this issue disposes of the appeal, we do not consider the other errors raised by McMahon.

*By the Court.*—Judgment reversed and cause remanded.