# STATE of Wisconsin, Plaintiff-Respondent,

## v.

# Richard SKAFF, Defendant-Appellant.

Court of Appeals

*No. 88-2423-CR. Submitted on briefs June 6, 1989.—Decided August 16, 1989.*

(Also reported in 447 N.W.2d 84.)

For the defendant-appellant the cause was submitted on the briefs of *Fritschler, Pellino, Rosen & Mowris, S.C.,* with *Bruce J. Rosen* of counsel, of Madison.

For the plaintiff-respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *Jerome S. Schmidt,* assistant attorney general, of Madison.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.  Richard Skaff appeals from a judgment convicting him of possession of cocaine with intent to deliver, party to a crime, in violation of secs. 161.41(1m)(c)3. and 939.05, Stats., and a judgment convicting him of delivery of cocaine, in violation of sec.

161.41(1)(c)1, Stats.[1] Skaff also appeals from the sentences imposed in conjunction with these convictions. On the possession charge, he received a ten-year sentence to the Wisconsin State Prisons and a $1,000 fine. On the delivery charge, he was sentenced to five years consecutive to the ten-year term; however, the five-year sentence was stayed, and instead Skaff was placed on probation for five years and fined $1,000. He was also ordered to perform 300 hours of community service work and make $1,050 restitution.

Skaff raises two issues on appeal: (1) whether the trial court erred when it concluded that under sec. 972.15, Stats., the presentence investigation (PSI) report on Skaff could not be shown to Skaff because it was confidential; and (2) whether the trial court abused its discretion when it failed to instruct the jury on Skaff's defense theory. We conclude that Skaff is entitled to a new sentencing hearing because his due process rights, guaranteed by the fourteenth amendment to the United States Constitution, were prejudicially violated. We also conclude that he is not entitled to a new trial because the jury was properly instructed.

## SENTENCING HEARING: THE PSI

Skaff contends that his constitutional right to due process was violated when the trial court refused to allow him to read his PSI.[2] The PSI had been prepared by the

---

[1] The jury found Skaff not guilty of another count of delivery of cocaine.

[2] Not only is the PSI the most important sentencing document, it is also used by institutional authorities who classify an inmate's security status, place him in one of several facilities based on his security risk, and decide upon a program of rehabilitation. The PSI also bears upon parole terms. Wis. Admin. Code sec. HSS 328.27(1) (July, 1987). *See* Comment, *Insuring the*

51

State Department of Health and Social Services, Division of Corrections.[3] The trial court also had the benefit of an independent PSI, prepared by a professor retained by Skaff.

At the commencement of the hearing, Skaff's counsel reminded the court that it had made the PSI available to counsel with the strict interdict that Skaff was not permitted to read it.[4] Counsel also informed the court that Skaff had gone to the clerk's office in an effort to read his PSI, but was refused. The trial court responded:

> THE COURT: My position has always been in regard to pre-sentences, under the statute they are confidential. They are submitted and may be read by the defendant's attorney, but that because of the sources of information and other comments that may be disclosed in the pre-sentence which are necessary to make it an effective and viable pre-sentence, that the defendant is not to read it. However, as I indicated to you that certainly you should, and are allowed to disclose its general contents and recommendation.

Except for certain exceptions not relevant here, Wisconsin statutory law provides for confidentiality of

*Accuracy of the Presentence Report in the Wisconsin Correctional System,* 1986 Wis. L. Rev. 613, 618. *See also* sec. 972.15(5), Stats. The PSI is prepared for the court's use in sentencing a convicted defendant. It contains information on the present offense, the defendant's prior criminal record, family, social, and economic background, as well as the victim's statement and the agent's recommendation for sentencing. *See* Wis. Admin. Code sec. HSS 328.27(3) (April, 1986).

[3] The trial court ordered the PSI. *See* sec. 972.15(1), Stats. (it is within the trial court's discretion to order a PSI).

[4] However, Skaff's counsel was allowed to describe the contents of the PSI report to Skaff.

PSIs. Section 972.15(4), Stats., states that: "the presentence investigation report shall be confidential and shall not be made available to any person except upon specific authorization of the court." However, sub. (2) of that section provides:

> When a presentence investigation report has been received the judge shall disclose the contents of the report to the defendant's attorney and to the district attorney prior to sentencing. When the defendant is not represented by an attorney, the contents shall be disclosed to the defendant.

In declaring for the first time in this state that a defendant has a federal due process right to timely read his PSI to ensure its accuracy as well as the integrity of the sentencing proceeding, we start with an analysis of some of the reasons for sentencing. They are succinctly set forth in Fennell & Hall, *Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts,* 93 Harv. L. Rev. 1613 (1980):

> Individualized sentencing based on the rehabilitative model involves three related premises in the American criminal justice system. First, a sentencing judge has broad discretion to select a sentence . . .. Second, a sentencing judge must have complete information about every aspect of the offender's life in order to make an accurate diagnosis and choose an effective sentence. Third, the sentencing decision is made in a quasi-administrative setting that is virtually free of triallike procedural safeguards.

*Id.* at 1622 (footnotes omitted). Supporters of disclosure of the PSI argue that it is a means of ensuring the correctness of information and of protecting the defendant's due process rights, especially his liberty interest

in not being sentenced on the basis of misinformation.[5] *Id.* at 1617–18.

The United States Supreme Court in *Townsend v. Burke*, 334 U.S. 736 (1948), recognized a defendant's due process right to fair sentencing procedure, including the right to be sentenced on the basis of accurate information. The Supreme Court held that it was a violation of due process for a defendant, who lacked counsel at the time of sentencing, to be sentenced on the basis of "materially untrue" information. *Id.* at 740–41. *See also U.S. v. Tucker*, 404 U.S. 443 (1972). In *Williams v. New York*, 337 U.S. 241 (1949), the Court expressed disdain for formalism or trial-type rules for sentencing, in favor of informal information gathering to facilitate prompt sentencing. In sentencing the defendant, the judge in *Williams* relied on a PSI that contained out-of-court statements, and the defendant was not allowed to confront or cross-examine the persons who had made those statements. The issue in the case was whether the rules of evidence were applicable to the manner in which a judge obtained information to impose a sentence. *Id.* at 244. For purposes of completeness, the Court ruled that it was necessary for the judge to have the best available information to aid him in making his decision. *Id.* at 250–51. Therefore, it was not a violation of the defendant's due process rights for the judge to rely on the PSI, although the defendant had not been able to confront or cross-examine the persons who had made the statements that were contained in the PSI. Several lower courts

---

[5] In *United States v. Weston*, 448 F.2d 626 (9th Cir. 1971), *cert. denied*, 404 U.S. 1061 (1972), *State v. Pohlabel*, 160 A.2d 647 (N.J. App. Div. 1960), and *State v. Killian*, 370 P.2d 287 (Ariz. 1962), defendants were sentenced for a considerably longer period than they might have been because of misinformation in the PSI. *See Fennell & Hall, supra,* at 1628–29.

54

have cited *Williams* for the proposition that nondisclosure of a PSI to a defendant does not violate the defendant's due process rights.[6]

Any question that *Williams* was a step backward from a constitutionally complete disclosure was set to rest by *Gardner v. Florida,* 430 U.S. 349 (1977), which squarely held that a defendant has a constitutional right to disclosure of all PSI information. In *Gardner,* the defendant was convicted of first-degree murder. Although the jury recommended life imprisonment, the judge sentenced the defendant to death on the basis of a partially undisclosed PSI. The plurality opinion held that the defendant's due process rights had been violated because he had not had an opportunity to explain or deny the PSI at sentencing. *Id.* at 362 (Stevens, J., plurality opinion). It concluded that "the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause." *Id.* at 358. Addressing Gardner's right to read his PSI, the Supreme Court distinguished between his interest in the sentencing process and his interest in the particular sentence. The Court stated that "[t]he defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process." *Id.* at 358. The plurality opinion also distinguished the case from *Williams.* It concluded that *Williams* had only determined whether hearsay statements may be included in the PSI; it did not determine whether a defendant is entitled to obtain the PSI. *Id.* at 355-56. Although *Gardner* was a death penalty case, we perceive no reason why its rationale should not be applied to penalties of lesser severity.[7]

---

[6] *See Fennell & Hall, supra* p. 5, at 1631-32 nn. 85 & 86.

[7] In his opinion, Justice Stevens relied on noncapital cases,

Rule 32(c)(3)[8] of the Federal Rules of Criminal Procedure requires, with exceptions, full disclosure of the PSI to the defendant. The Advisory Committee Note to 32(c)(3)(A) (1983 amendment) acknowledged that "the failure to disclose the report to the defendant, or to require counsel to review the report with the defendant, significantly reduces the likelihood that false statements will be discovered, as much of the content of the presentence investigation will ordinarily be outside the knowledge of counsel."

We conclude that it would be contrary to the purpose and policy of sec. 972.15(2) to withhold a PSI from a defendant simply because he or she is represented by counsel. The application of sec. 972.15(2), Stats., to the undisputed set of facts presents a question of law which we review independently, without deference to the trial court. *See Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). The parties do not argue that the statute is ambiguous. In culling the legislature's will from the words of the statute, we read the entire section and strive to avoid strained or absurd results. *State v. Gould,* 56 Wis. 2d 808, 812, 202 N.W.2d

such as *Mempa v. Rhay,* 389 U.S. 128, 133 (1967), for the plurality holding. *See Gardner,* 430 U.S. 2d at 357-62. *But see id.* at 364 (White, J. concurring) (arguing that the rule should not be expanded beyond capital cases).

[8] Fed. R. Crim. P. 32(c)(3)(A) provides that:

At a reasonable time before imposing sentence the court shall permit the defendant and the defendant's counsel to read the report of the presentence investigation . . .. The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.

903, 905 (1973). We conclude that the legislature could not have intended that a defendant appearing without counsel had greater rights to his PSI than a defendant who appeared with counsel. Therefore, Skaff was entitled to obtain a copy of the PSI.

We have read the fourteen pages of Skaff's PSI. It is replete with factual details of his life, including a record of previous convictions, none drug-related. If incorrect or incomplete, no person is in a better position than Skaff to refute, explain, or supplement the PSI. Any significant inaccuracies quite probably would affect the sentence, given the wide range of statutory sanctions. On the possession conviction, for which Skaff received ten years and a $1,000 fine, the range of punishment was one to fifteen years of imprisonment and a fine from $1,000 to $500,000. On the delivery conviction, for which Skaff received five years probation and a fine of $1,000, the range is up to five years imprisonment and a fine from $1,000 to $200,000. To deny Skaff timely access to his PSI, pursuant to court policy, is to prejudicially deny him an essential factor of due process, *i.e.*, a procedure conducive to sentencing based on correct information. *See Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

The trial court's statement indicated that the protection of sources of information required it to deny disclosure of the PSI to Skaff. The nature of certain entries might betray the identity of their authors. The court, however, gave no reasons for its conclusion. Section 972.15(3), Stats., states: "[T]he judge may conceal the identity of any person who provided information in the presentence investigation report." Subsection (3) affords the court discretion to act if it has reason to believe the anonymity of informants should be preserved. We suggest that, consistent with the purpose of sub. (3), a trial court should state on the record what

information is withheld and the reason. At any rate, it was an abuse of discretion for the trial court to categorically deny disclosure of the PSI to Skaff to protect informational sources.

The state concedes that the trial court violated Skaff's due process right to timely disclosure of his PSI. The state also concedes that under sec. 972.15(3), Stats., the trial court abused its discretion when it applied a "blanket rule" to deny Skaff's access to the PSI. It insists, however, that the error was harmless. In arguing that the error was harmless, the state refers to the trial court's grant of permission to Skaff's attorney to explain the PSI to Skaff; the existence of a privately-prepared PSI, which Skaff had read; the lengthy trial; Skaff's failure to show that the court relied on inaccurate information; and Skaff's opportunity to argue his sentencing. In short, the state argues that Skaff failed to show his rights were prejudiced in the sentencing.

We reject the state's argument. Skaff does not complain that the trial court relied on inaccurate information; he complains of the denial of means to ascertain whether there was any misinformation. Until Skaff reads his PSI, its correctness is unknown to anyone. If the PSI contains errors, given the wide sentencing discretion possessed by the trial court, a possibility exists that such errors skewed the sentence. *See State v. Grant,* 139 Wis. 2d 45, 52–53, 406 N.W.2d 744, 746-47 (1987). The burden of persuasion to establish harmlessness rests upon the state, *see State v. Burton,* 112 Wis. 2d 560, 570-71, 334 N.W.2d 263, 268 (1983), and we conclude that the state failed to meet this burden. Therefore, the trial court's error was not harmless and Skaff is entitled to a new sentencing hearing.

## THEORY OF DEFENSE INSTRUCTION

At the instruction and verdict conference, Skaff argued that an instruction substantially as follows be submitted to the jury:[9]

> [M]ere presence of the defendant, Richard Skaff, at the scene of the crime, even when coupled with knowledge of the presence of cocaine at the scene, it [sic] is not sufficient to support a finding of guilt to the crime of possession with intent to deliver cocaine.

The trial court submitted Wis. J I—Criminal 400A, which includes the following:

> However, a person does not aid and abet if he is only a bystander or spectator, innocent of any unlawful intent, and does nothing to assist or encourage the commission of a crime.

Skaff argues that the judge's instruction is flawed because it postulates guilt upon a finding of presence and knowledge only, and omits any requirement as to Skaff's action or control of the cocaine. He demands reversal of his conviction and a new trial.

■■■

A defendant is entitled to a theory of defense instruction if it is timely requested and supported by credible evidence. *State v. Bernal,* 111 Wis. 2d 280, 282, 330 N.W.2d 219, 220 (1983). On review, we consider the jury charge in its entirety to determine whether the jury was fully and fairly instructed. *McMahon v. Brown,* 125 Wis. 2d 351, 354, 371 N.W.2d 414, 416 (Ct. App. 1985). "[I]f the instructions of the court adequately cover the law applicable to the facts, this court will not find error in the refusal of special instructions, even though

---

[9] The record contains no written form of the requested charge.

the refused instructions themselves would not be erroneous." *State v. Roubik*, 137 Wis. 2d 301, 308-09, 404 N.W.2d 105, 108 (Ct. App. 1987) (footnote omitted).

The circuit court did not abuse its discretion in submitting its charge. *See State v. Williamson*, 84 Wis. 2d 370, 393, 267 N.W.2d 337, 348 (1978). We are hard pressed to find any essential difference between Skaff's requested charge and that submitted by the court. Both advised the jury that a bystander, or a person merely present at a crime scene who has no unlawful intent and takes no action to assist commission of the crime, is not an aider or abettor. Skaff's proposed charge that his knowledge of the presence of cocaine is not sufficient to support a conviction paraphrases the court's charge respecting a spectator's nonassistance or nonencouragement of the crime. The court's charge clearly instructs the jury that a spectator, though aware of the happening, cannot be guilty unless he has an unlawful intent and takes some action to further the crime.

*By the Court.*—Judgments affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

FINE, J. (concurring).

I.

I agree that this case must be returned to the trial court for resentencing because Skaff was not permitted to read his presentence report. As the majority notes, the legislature could not have intended to deny defendants who are represented by counsel access to their presentence reports while granting free access to those defendants who do not have lawyers. Majority opinion at

60

57. Since we have determined that the statute grants Skaff personal access to his presentence report, we need not—and should not—reach his constitutional arguments. *See State v. Dyess,* 124 Wis. 2d 525, 533, 370 N.W.2d 222, 227 (1985).

## II.

I also agree that the trial court did not abuse its discretion in instructing the jury. The instruction given by the trial court adequately provided the legal basis for Skaff's theory of defense. That is all that is required. *See State v. Pruitt,* 95 Wis. 2d 69, 81, 289 N.W.2d 343, 348 (Ct. App. 1980).