STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert FLORES, Defendant-Appellant.†

Court of Appeals

*No. 90–0459. Submitted on briefs August 31, 1990.—Decided October 17, 1990.*

(Also reported in 462 N.W.2d 899.)

†Petition to review denied.

On behalf of defendant-appellant, the cause was submitted on the pro se briefs of *Robert Flores,* of Waupun.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Jerome S. Schmidt,* assistant attorney general.

Before Brown, Scott and Anderson, JJ.

ANDERSON, J.   Robert Flores appeals from an order denying his motion for postconviction relief under sec. 974.06, Stats. Flores raises three issues: (1) that his due process rights at sentencing were violated when he was denied timely access to his presentence investigation report (PSI), *State v. Skaff,* 152 Wis. 2d 48, 447 N.W.2d 84 (Ct. App. 1989); (2) that he was denied effective assistance of appellate counsel; and, (3) that he was entitled to a modification of sentence as a result of "new factors."

The trial court found that Flores was not denied due process at the sentencing hearing because it was not the law at the time of sentencing that a defendant be given

access to his PSI. The trial court did not consider or issue an order on the other two parts of Flores' motion.

We conclude that Flores has failed to establish that he was denied timely access to his PSI by the court and affirm the decision of the trial court. We further conclude, however, that the trial court erred in failing to consider whether or not Flores had been denied effective assistance of appellate counsel and remand that issue to the trial court for further proceedings. Finally, we conclude that a motion to modify a sentence, grounded on new factors, cannot be raised on a sec. 974.06, Stats., motion for postconviction relief.

Flores entered a no contest plea to a charge of attempted first-degree murder while armed with a dangerous weapon, secs. 940.01, 939.32(1), and 939.63(1)(a), Stats. After finding Flores guilty, the trial court ordered that a PSI be prepared.

At the sentencing hearing, both the state and defense counsel acknowledged that they had read the PSI and neither wanted to make corrections to any of the factual information in the PSI. In its statement on sentencing, the trial court set forth the facts it was relying upon in support of the sentence to be imposed; prior to imposing sentence, the trial court gave Flores and his attorney a chance to speak, which both declined. The trial court then imposed a twenty-year sentence, concurrent to a sentence Flores was then serving.

Flores filed a *pro se* "Motion for Post Conviction Relief Pursuant to sec. 974.06, Stats." In his motion he alleged that he was not given access to his PSI prior to sentencing; that he was denied effective assistance of appellate counsel, which prevented him from timely pursuit of a direct appeal; and that "new factors" justified a modification of his sentence. In support of his motion

Flores filed an affidavit, a supplemental affidavit and a brief.

## ACCESS TO PRESENTENCE INVESTIGATION

Flores asks this court to reverse the trial court and apply *Skaff* retroactively on the basis that the right of a defendant to have timely access to the PSI was first recognized in *Gardner v. Florida,* 430 U.S. 349 (1977), which predated Flores' sentencing.

*Gardner* was a capital punishment case in which the trial court set aside the jury's recommendation for life imprisonment and imposed the death penalty after reviewing a PSI that contained confidential information. The trial court did not reveal the PSI and the confidential information to the prosecutor, the defense attorney or the defendant. The United States Supreme Court, in a plurality decision, vacated the death sentence and remanded for a new sentencing hearing, holding that it was a denial of due process to prevent access by the defendant or his counsel to the PSI. *Id.* at 362.

Since *Gardner,* the Florida Supreme Court has held that defense counsel's timely access to the PSI is sufficient to fulfill the dictate that due process requires a defendant to have timely access to his or her PSI. *Lusk v. State,* 446 So. 2d 1038, 1043 (Fla.), *cert. denied,* 469 U.S. 873 (1984); *Raulerson v. State,* 358 So. 2d 826, 831 (Fla.), *cert denied,* 439 U.S. 959 (1978).

In *Skaff,* although the trial court had a blanket policy denying represented defendants access to their PSIs, both the prosecutor and defense counsel were given access to the PSI. In addition, the defendant sought to read the PSI but was rebuffed by the staff of the clerk of courts.

Under those facts we held that it was the court's blanket policy of denying a defendant access to his or her PSI that was a violation of an essential due process factor: a procedure conducive to sentencing based on correct information. *Skaff,* 152 Wis. 2d at 57, 447 N.W.2d at 88.

In *Skaff* we did not establish an affirmative duty on the court to insure that a copy of the PSI is timely delivered to the defendant.[1] Nor did we create an affirmative duty on defense counsel to share the PSI with the defendant.

It is not necessary for us to consider whether *Skaff* is to be applied retroactively. Flores' motion, supporting affidavits and the record are insufficient to establish that he is entitled to any relief. *See* sec. 974.06(3), Stats.

When a defendant brings a sec. 974.06, Stats., motion for postconviction relief, he carries the burden not only of overcoming the finality of his sentence by clear and convincing evidence, *see State v. Walberg,* 109 Wis. 2d 96, 102–03, 325 N.W.2d 687, 691 (1982), *cert denied,* 474 U.S. 1013 (1985), but also, as a threshold matter, he must allege in his motion papers sufficient facts to raise a question of fact, *State v. Carter,* 131 Wis. 2d 69, 78, 389 N.W.2d 1, 4, *cert denied,* 479 U.S. 989 (1986), before he becomes entitled to an evidentiary

---

[1]While the law does not require any specific action by the sentencing court, we suggest that at the time of sentencing the court shall affirmatively indicate on the record that the defendant had access to the PSI and should inquire of the defendant and counsel if there are any significant material errors of facts and what corrections they would propose. In the alternative, the court shall secure a knowing, intelligent and voluntary waiver of the right of access to the PSI.

hearing.[2] *See* sec. 974.06(3).

Here, Flores only alleges that he was not provided with a copy of the PSI by the court and that neither his attorney[3] nor the court allowed him to read the PSI. Flores fails to allege that he made any attempt to obtain a copy of his PSI or ask his counsel or the court if he could read his PSI.

Where a defendant such as Flores is challenging the sentencing process as being a violation of his due process rights because he did not have access to the PSI, uncorroborated allegations that he did not read the PSI or that he was not personally served with a copy of the PSI are not sufficient to raise questions of fact that would entitle the defendant to an evidentiary hearing. *See State v. Lukasik,* 115 Wis. 2d 134, 140, 340 N.W.2d 62, 65 (Ct. App. 1983).

We hold, therefore, that before a defendant can secure a sec. 974.06, Stats., postconviction motion evidentiary hearing, he must allege facts sufficient to establish:

(1) Prior to sentencing, the court had a blanket policy that denied defendants access to their PSIs; and,

(2) The court's blanket policy was specifically applied to the defendant; or,

---

[2]The defendant must provide more than conclusionary allegations or statements of law thinly disguised as facts. *See State v. Carter,* 131 Wis. 2d 69, 78, 389 N.W.2d 1, 4, *cert denied,* 479 U.S. 989 (1986).

[3]Counsel's failure to allow Flores to read the PSI is not a violation of his due process rights. At the most, it would be subject to the two-prong test for ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

■ Prior to sentencing, the defendant personally sought access to the PSI but was denied timely access by the court or its staff.

■

Where the defendant has made the above factual allegations the court shall serve upon the district attorney a copy of the motion, which requires a written response within a short period of time. Section 974.06(3)(a), Stats. If the defendant fails to make this minimal showing the court should issue an order of summary dismissal.

Depending upon the response of the district attorney, the court may either issue a final order granting the defendant access to the PSI or schedule an evidentiary hearing, sec. 974.06(3)(c), Stats., and make the appropriate findings of fact, conclusions of law and judgment. Section 974.06(3)(d).

■

Under the factual circumstances of this case we need not consider the trial court's holding that *Skaff* is to be applied prospectively in order to affirm the court's order denying Flores a hearing. Flores failed to establish the threshold requirements for a hearing and, therefore, the trial court's decision was proper even though it was on the wrong theory. *See State v. Alles,* 106 Wis. 2d 368, 391, 316 N.W.2d 378, 388 (1982).

## INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Flores splits his attack on the quality of the post-conviction legal representation provided him into two subissues. First, he argues that he was denied effective assistance of counsel when his appointed appellate counsel withdrew without any expressly stated reason. Flores

also argues that the appellate court has a duty to make an independent examination of his case before allowing counsel to withdraw. Second, he argues that before withdrawal, counsel was ineffective because she failed to actively and timely pursue a direct appeal or other forms of postconviction relief.

The trial court did not address these arguments in its order. Under sec. 974.06, Stats.,[4] the trial court must review Flores' moving papers, the file and records and, if on their face it is shown that he is conclusively entitled to no relief, the motion shall be dismissed. If such a finding cannot be made, however, Flores must be given a prompt hearing after the state has responded in writing to the motion.

The issue of whether Flores was denied effective assistance of appellate counsel is remanded to the trial court with directions to proceed on this issue according to the procedure established in sec. 974.06, Stats.[5]

---

[4]Section 974.06, Stats., provides in relevant part:

**Postconviction Procedure.**

. . ..

(3)   Unless the motion and the files and records of the action conclusively show that the prisoner is entitled to no relief, the court shall:

(a)   Cause a copy of the notice to be served upon the district attorney who shall file a written response within the time prescribed by the court.

(b)   If it appears that counsel is necessary and if the defendant claims or appears to be indigent, refer the person to the state public defender for an indigency determination and appointment of counsel under ch. 977.

(c)   Grant a prompt hearing.

(d)   Determine the issues and make findings of fact and conclusions of law.

[5]If the trial court determines that Flores is entitled to a

## MODIFICATION OF SENTENCE

As the final part of his sec. 974.06, Stats., motion, Flores seeks a modification of sentence on the grounds of "new factors." Specifically, Flores alleges that he stabbed the victim in an act of defense of Flores' baby half-brother. Flores alleges that he believed the victim was sexually assaulting the baby.

Postconviction review under sec. 974.06, Stats., is limited to jurisdictional or constitutional matters or to errors that go directly to guilt. *Cresci v. State,* 89 Wis. 2d 495, 505, 278 N.W.2d 850, 855 (1979). The possible existence of "new factors" justifying a modification of sentence does not fall within the definition of either jurisdictional or constitutional matters. The motion to modify subsumes the defendant's guilt; therefore, it cannot address errors that go directly to guilt.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.

---

hearing on his claim, the burden is on Flores to establish his claim by clear and convincing evidence. *State v. Lukasik,* 115 Wis. 2d 134, 140, 340 N.W.2d 62, 65 (Ct. App. 1983). And, former appellate counsel must be present and testify as to his or her reasons underlying the handling of the case before the trial court can make the necessary findings of facts and conclusions of law. *State v. Machner,* 92 Wis. 2d 797, 804, 285 N.W.2d 905, 909 (Ct. App. 1979).