STATE of Wisconsin, Plaintiff-Respondent,

v.

Tilford O. THOMPSON, Jr., Defendant-Appellant.

Court of Appeals

*No. 90–0672. Submitted on briefs September 14, 1990.—Decided October 24, 1990.*

(Also reported in 463 N.W.2d 402.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of Tilford O. Thompson, Jr., *pro se.*

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Michael R. Klos,* assistant attorney general.

Before Nettesheim, P.J., Brown and Scott, JJ.

NETTESHEIM, P.J.   Tilford O. Thompson, Jr. appeals *pro se* from an order denying his application for postconviction relief pursuant to sec. 974.06, Stats. Thompson contends that his constitutional right to due process was violated because the trial court did not give him an opportunity to read his presentence report. Thompson relies on *State v. Skaff,* 152 Wis. 2d 48, 447 N.W.2d 84 (Ct. App. 1989).

We conclude that *Skaff* does not govern this case because Thompson did not request access to his presentence report at or prior to the sentencing. Nor has Thompson demonstrated any trial court policy which otherwise precluded him access to his presentence report. We affirm the order denying postconviction relief.

Based upon his plea of guilty, Thompson was convicted of second-degree sexual assault. The conviction was premised upon Thompson's sexual assault of a minor female. Pursuant to a plea agreement, two other uncharged instances of second-degree sexual assault involving the same minor were treated as "read ins" at the plea hearing. The trial court ordered a presentence report.

At the sentencing, Thompson's attorney acknowledged that he had read the presentence report and had discussed it with Thompson. Both the district attorney and Thompson's attorney alluded to portions of the

presentence report in their sentencing statements to the trial court. At no time, prior to or at the sentencing, did Thompson or his counsel ask that Thompson be permitted access to the presentence report. The trial court sentenced Thompson to the maximum term of imprisonment—ten years.

Thompson, represented by counsel, then brought a motion seeking modification of the sentence. The premise of this motion was that the presentence report was "uncontrolled," "harsh," "inflammatory," and "unbalanced." The trial court denied the modification request and we affirmed this determination in an earlier appeal.

Thompson then, *pro se,* pursued the instant post-conviction relief relying on *Skaff.* The trial court denied Thompson's request. Thompson appeals.

In *Skaff,* the defendant sought to read his presentence report prior to the sentencing. This request was refused based upon the trial court's "blanket rule" which denied the defendant access to such reports. This policy did not preclude defense counsel's access to the report and ability to "describe" the contents of the report to the defendant. *Skaff,* 152 Wis. 2d at 52 n.4, 447 N.W.2d at 86. Under these circumstances, the court of appeals determined that "it was an abuse of discretion for the trial court to categorically deny disclosure of the PSI to Skaff to protect informational sources." *Id.* at 58, 447 N.W.2d at 88. The court additionally held that granting defense counsel access to the presentence report did not salvage the validity of the trial court's "blanket rule." *Id.*

*Skaff* did not impose an affirmative or *sua sponte* duty on the trial court to provide the defendant access to the presentence report. Rather, *Skaff* holds that a denial of a defendant's access to a presentence report may not be premised upon a "blanket rule" denying such access

or excused because access was granted to the defendant's counsel. Thompson makes no claim or showing of such a "blanket rule" in this case. Nor does Thompson argue that *Skaff* should be extended to a case such as this where the defendant has not requested access to the presentence report at or prior to the sentencing.[1]

The record here does not support Thompson's claim that the trial court denied him access to the presentence report. Thus, *Skaff* does not apply.[2]

*By the Court.*—Order affirmed.

[1]For a fuller discussion of the applicable procedure where the threshold requirements of this case are met, see *State v. Flores,* 158 Wis. 2d 636, 462 N.W.2d 899 (Ct. App. 1990).

[2]Thompson acknowledges in his brief that he did read his presentence report two years after his sentencing. Based upon this, Thompson's only challenge to the report is his conclusion that it is "about 50% accurent [sic] or less." Because we have decided this appeal on other grounds, we need not address the implications of Thompson's later access to the presentence report.