PER CURIAM.
¶1 Clarence Christopher Joseph, pro se , appeals from a circuit court order denying his postconviction motion to review his presentence investigation (PSI) report. We affirm.
¶2 In 1992, a jury found Joseph guilty of first-degree intentional homicide. The trial court sentenced him to a mandatory term of life in prison and set a parole eligibility date of August 3, 2027.[1] Joseph subsequently challenged his conviction in a direct appeal, and we affirmed his conviction. See State v. Joseph , No. 1994AP1923-CR, unpublished slip op. (WI App Mar. 28, 1995). In 2013, with the assistance of counsel, Joseph filed an unsuccessful WIS. STAT. § 974.06 (2013-14) motion, and we affirmed the denial of that motion.[2] See State v. Joseph , No. 2013AP1703, unpublished slip op. (WI App June 24, 2014). In 2014, Joseph filed a pro se § 974.06 postconviction motion, which was denied. Once again, we affirmed. See State v. Joseph , No. 2014AP2974, unpublished slip op. (WI App Dec. 22, 2015). None of Joseph's prior appeals involved his sentencing hearing or sentence.
¶3 In 2018, Joseph filed a pro se motion to review his PSI report. He asserted that he "has never personally read his PSI report but only had it briefly read to him by his attorney on the day of sentencing." Joseph further alleged that he subsequently learned that his PSI report "contains inaccurate information regarding the offense description that is contrary to the undisputed facts at trial that was also acknowledged by the State's attorney" at sentencing. Specifically, Joseph's motion indicated that he learned in prison that the PSI report erroneously indicated that the homicide victim did not display a gun, even though the State acknowledged at sentencing that the victim did so. Joseph argued that he "needs to review his PSI report to determine if it contains any other inaccurate information that may be having an adverse [e]ffect on his security status and institution placement, program and rehabilitation needs, as well as his future parole consideration."
¶4 The circuit court denied the motion in a written order. The circuit court recognized that according to the sentencing transcript, trial counsel read the PSI report to Joseph "on the morning of the sentencing proceeding" and told the trial court that the defense disagreed with the PSI report's "description of [the] offense." The circuit court observed that years after Joseph's sentencing, when Joseph complained that prison authorities were relying on misinformation in the PSI report, the Department of Corrections (DOC) "corrected and updated its file with an accurate version of the facts." The circuit court concluded:
There is no reason the defendant cannot request a review of any other facts on which the DOC may have erroneously relied .... In short, the defendant has a remedy to address any perceived inaccuracies in his classification papers with the DOC that does not require an independent examination of the presentence report as he currently requests.
¶5 Joseph filed a motion for reconsideration, which was also denied. This appeal follows.
LEGAL STANDARDS
¶6 The decision to grant or deny access to a PSI report after sentencing rests in the circuit court's discretion. See State v. Zanelli , 212 Wis. 2d 358, 378, 569 N.W.2d 301 (Ct. App. 1997). Accordingly, our standard of review is "highly deferential." See Olivarez v. Unitrin Prop. & Cas. Ins. Co. , 2006 WI App 189, ¶16, 296 Wis. 2d 337, 723 N.W.2d 131. We will sustain a discretionary decision if the circuit court undertook a reasonable examination of the facts and the law and "the record shows a reasonable basis for its determination." Id. , ¶¶16-17.
¶7 Part of our analysis of the circuit court's decision requires us to interpret and apply WIS. STAT. § 972.15. This presents a question of law that we review de novo. See State v. Soto , 2012 WI 93, ¶14, 343 Wis. 2d 43, 817 N.W.2d 848 ("The interpretation of a statute and its application to a particular set of facts present questions of law that we review independently of the circuit court's decision, but benefitting from its analysis.").
DISCUSSION
¶8 Joseph argues that the circuit court erroneously exercised its discretion when it denied his motion to review his PSI report. He asserts that the circuit court should have granted his request pursuant to WIS. STAT. § 972.15. He further argues that two cases support his request: State v. Parent , 2006 WI 132, 298 Wis. 2d 63, 725 N.W.2d 915, and State v. Skaff , 152 Wis. 2d 48, 447 N.W.2d 84 (Ct. App. 1989). Finally, he argues that he needs to review his PSI report to ensure the accuracy of information "that the DOC use[s] to classify his security status, program and rehabilitative needs and parole."[3] We examine each argument in turn.
¶9 We begin our analysis with WIS. STAT. § 972.15, which provides in relevant part:
(4) Except as provided in sub. (4m), (4r), (5), or (6), after sentencing the presentence investigation report shall be confidential and shall not be made available to any person except upon specific authorization of the court.
(4m) The district attorney, the defendant's attorney, and, following a conviction for a felony in which an assistant attorney general has original jurisdiction, served at the request of a district attorney under s. 978.05 (8) (b), or served as a special prosecutor under s. 978.045, the assistant attorney general are entitled to have and keep a copy of the presentence investigation report. If the defendant is not represented by counsel, the defendant is entitled to view the presentence investigation report but may not keep a copy of the report. Except as provided in s. 950.04 (1v) (p), a district attorney, the defendant's attorney, or an assistant attorney general who receives a copy of the report shall keep it confidential. A defendant who views the contents of a presentence investigation report shall keep the information in the report confidential.
¶10 Joseph claims that the circuit court erred because WIS. STAT. § 972.15(4m) affords a defendant the opportunity to review a PSI report upon a showing that the defendant is unrepresented. We disagree that § 972.15(4m) required the circuit court to provide Joseph access to his PSI report at this time. Joseph has already viewed the PSI report. At sentencing, trial counsel advised the court, while Joseph was in the courtroom: "I've read the presentence report to my client this morning." Joseph did not contradict his counsel's statement, and even Joseph's 2018 motion acknowledged that the PSI report was "briefly read to him by his attorney." The statutory provision in § 972.15(4m) barring the defendant from keeping a copy of the PSI report demonstrates that an offender has only a limited opportunity to review the document. The sentencing transcript reflects that Joseph was afforded that opportunity.
¶11 Further, Joseph has not persuaded this court that WIS. STAT. § 972.15(4m) affords a prisoner who is unrepresented in collateral proceedings the right to examine a PSI report that he or she has previously reviewed. We will "not read into the statute language that the legislature did not put in." See Brauneis v. LIRC , 2000 WI 69, ¶27, 236 Wis. 2d 27, 612 N.W.2d 635.
¶12 Next, we turn to Parent , where our supreme court held that a convicted person may view a copy of the PSI report in aid of his or her direct appeal under the no-merit procedures described in WIS. STAT. RULE 809.32. See Parent , 298 Wis. 2d 63, ¶43. The Wisconsin Supreme Court subsequently held that "the rule of Parent is confined to no-merit appeals." See State v. Buchanan , 2013 WI 31, ¶29, 346 Wis. 2d 735, 828 N.W.2d 847. Therefore, because this case does not involve a no-merit appeal, Parent does not require that Joseph be provided a copy of the PSI report for his use in prison.
¶13 Joseph also relies on Skaff , where this court held that a trial court could not "categorically deny" a defendant's access to a PSI report "simply because he or she is represented by counsel" or to protect confidential sources. See id. , 152 Wis. 2d at 56-58. Skaff also rejected the State's argument that imposing a blanket rule denying the defendant access to the PSI report was harmless error because the trial court allowed trial counsel "to explain the PSI [report] to Skaff." See id. at 58. In doing so, the court explained: "Skaff does not complain that the trial court relied on inaccurate information; he complains of the denial of means to ascertain whether there was any misinformation. Until Skaff reads his PSI [report], its correctness is unknown to anyone." Id. Here, Joseph seizes on that language to argue that he should have "a chance to personally read the report."
¶14 We are not persuaded. We have previously recognized that Skaff "did not establish an affirmative duty on the court to insure that a copy of the PSI [report] is timely delivered to the defendant" and did not "create an affirmative duty on defense counsel to share the PSI [report] with the defendant." See State v. Flores , 158 Wis. 2d 636, 642, 462 N.W.2d 899 (Ct. App. 1990), overruled on other grounds by State v. Knight , 168 Wis. 2d 509, 519 n.6, 484 N.W.2d 540 (1992). Rather, Skaff held that the trial court's "blanket policy of denying a defendant access to his or her PSI [report] ... was a violation of an essential due process factor: a procedure conducive to sentencing based on correct information." See Flores , 158 Wis. 2d at 642. There was no such blanket policy imposed in this case. Indeed, Joseph reviewed the PSI report with trial counsel, and nothing in the record indicates that Joseph or trial counsel asked for additional time to review the report. Skaff does not support Joseph's request for another opportunity to review his PSI report.
¶15 Finally, we consider whether the circuit court erroneously exercised its discretion when it rejected Joseph's request to review the PSI report so he could search for other errors like the error he discovered while in prison. The circuit court did not find this reason compelling. It noted that the defense had, in fact, notified the trial court at sentencing that it disagreed with the PSI report's description of the offense. The circuit court also recognized that when Joseph pointed out a factual error concerning the offense to the DOC, the DOC fixed its records so it would not rely on that error. The circuit court rejected Joseph's suggestion that because there was one error, there must be others, stating: "It does not follow that the PSI writer's inaccurate description of the offense gives rise to a strong possibility that the report contains other inaccurate information."
¶16 Having reviewed the circuit court's analysis, we conclude that the circuit court undertook a reasonable examination of the facts and the law and that the record provides a basis for its decision. See Olivarez , 296 Wis. 2d 337, ¶¶16-17. The existence of one error in the PSI-which was identified generally by trial counsel at the beginning of the sentencing hearing and implicitly corrected when both the State and trial counsel spoke about the victim having a gun-does not automatically justify granting Joseph's request to review the PSI report again. Notably, Joseph's motion did not identify any potential facts that may be in error. We agree with the circuit court that Joseph's suggestion that there must be additional errors is speculative.
¶17 In summary, we conclude that the circuit court did not erroneously exercise its discretion when it denied Joseph's motion. As the State argues, Joseph has failed "to establish that the law requires a circuit court to grant a defendant access to his PSI report simply for the sake of taking a look, particularly when any objection or challenge to the PSI must be timely raised at sentencing." For these reasons, we affirm the circuit court's order.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

In this decision, we refer to the judge who denied Joseph's 2018 motion, the Honorable Carolina Stark, as the circuit court, and we refer to the judge who conducted Joseph's 1992 trial and sentencing, the Honorable Victor Manian, as the trial court.

All subsequent references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Joseph's appellate brief also asserts that he needs to read his PSI report "to ensure that his sentence was based on accurate information." It appears that Joseph may be suggesting he needs access to his PSI report in order to challenge his sentence decades after it was imposed. Joseph's motion did not offer this reason. Instead, Joseph argued that he needed access to his PSI report to ensure that the DOC has correct information on which to base its decisions concerning his placement, programming, and parole. We will not address this new basis for seeking to review the PSI report or the related issue of whether Joseph can challenge his sentence at this late date. See Northbrook Wisconsin, LLC v. City of Niagara , 2014 WI App 22, ¶20, 352 Wis. 2d 657, 843 N.W.2d 851 ("Arguments raised for the first time on appeal are generally deemed forfeited.").