BRENNAN, J.[1]
¶1 Dominique M. Anwar appeals from a judgment of conviction for child neglect.[2] The charge was based on the fact that Anwar left her two-year-old son alone in her apartment in the middle of the night on August 9, 2017, and went to a relative's home. The child was discovered by firefighters who were responding to a fire in the building. Anwar pleaded guilty to the charge and was sentenced. After sentencing, Anwar moved for a new sentencing hearing. She argued that the State violated her due process rights at sentencing by failing to disclose to her in advance that it would be introducing statements made by her six-year-old son that were part of the basis for the separate CHIPS proceedings that resulted from the August incident leading to the child neglect charge. The postconviction court denied her motion on the grounds that even if Anwar did not receive a copy of the statements in the CHIPS petition as mandated by statute, the State placed the information on the record, and Anwar and defense counsel "had the opportunity to refute, explain or supplement that information, but did not do so." Anwar also appeals the order denying her postconviction motion. We affirm the judgment and order.
BACKGROUND
¶2 Firefighters from the Milwaukee Fire Department found Anwar's two-year-old son K.M. alone at about 4:30 a.m. in an apartment of a burning building that was being evacuated. Police officers who were called to the scene learned from a neighbor that Anwar was K.M.'s mother and called her cell phone five times, instructing her to return immediately. She returned to the apartment at approximately 5:30 a.m. She told police she left K.M. in the apartment alone at about 3:45 a.m. to help resolve a fight that was occurring at a nearby relative's home. Anwar told police she had gone to the home and had fallen asleep and woke up when the police called. Police determined that the relative's home was about a half-mile away, and estimated that it was an eight-minute walk from the apartment.
Plea and sentencing.
¶3 Anwar pleaded guilty.
¶4 At sentencing, the State informed the trial court that K.M. had been removed from Anwar's custody as part of a CHIPS action commenced in response to the August 9 incident. The State then offered statements made by Anwar's other son, who was six years old at the time, which had been obtained during the CHIPS investigation and included "as part of the basis for the CHIPS case" petition. The State noted that "the six year old told investigators that his mother would leave him and his brother home pretty often, that she would do so to go to Potawatomi and lose all their money[.]" The State further noted "that the six year old also talked about his mom having dope in the house and cooking it into cookies and brownies." The State explained that it offered that information to the trial court as evidence that Anwar needed to have the gravity of the crime impressed on her and as support for the State's request for an alcohol and drug assessment.
¶5 Defense counsel acknowledged that there was an open CHIPS case but made no further response to the State's comments. In her allocution, Anwar apologized for her "really poor decision," said she would never do anything like it again, and said she was doing "everything possible" to comply with the CHIPS orders.
¶6 The trial court imposed the maximum sentence on Anwar, stating that it was doing so in order to convey to her the seriousness of her actions.
Postconviction motion.
¶7 Anwar moved for a new sentencing hearing. Anwar claimed that her "procedural due process right to be sentenced in a fair manner was violated by the State's use of her [six]-year-old son's statements at sentencing without first disclosing them to the defense." Anwar argued that "the defense had no access to" the information gathered in the CHIPS case and that the use of the statements during sentencing "rendered the CHIPS investigation [ ] a quasi-PSI." Anwar argued that because the State "fail[ed] to provide the defense with prior notice of these statements," she was "sentenced by ambush and left with no ability to counter or correct the statements."
¶8 The postconviction court denied Anwar's motion for a new sentencing hearing. In denying the motion, the postconviction court distinguished the facts in cases on which Anwar relied, which dealt with a defendant's right to review pre-sentence investigation (PSI) reports, from the facts of this case, which did not involve a PSI, and concluded that those cases did not require a new sentencing hearing on these facts. It further noted Anwar would have received a full copy of the CHIPS petition pursuant to statutory requirements. The postconviction court stated, "Even assuming that she did not, the only information from that investigation the State relied upon at sentencing was placed on the record. Both the defendant and her attorney had the opportunity to refute, explain or supplement that information, but did not do so."
¶9 This appeal follows.
DISCUSSION
I. Standard of review and relevant law.
¶10 An appellate court will not reverse a trial court's findings of historical or evidentiary fact unless they are clearly erroneous. State v. McMorris , 213 Wis. 2d 156, 165, 570 N.W.2d 384 (1997). "[W]hether the historical or evidentiary facts satisfy the relevant constitutional standard" is a question answered by an appellate court "independent of the [trial] court[.]" Id.
¶11 Fundamental fairness is a general due process concept. Oliveto v. Circuit Court for Crawford Cty. , 194 Wis. 2d 418, 434, 533 N.W.2d 819 (1995) (citation omitted). "It is well-settled that a criminal defendant has a due process right to be sentenced only upon materially accurate information." State v. Spears , 227 Wis. 2d 495, 508, 596 N.W.2d 375 (1999) (citing State v. Lechner , 217 Wis. 2d 392, 419, 576 N.W.2d 912 (1998) and Bruneau v. State , 77 Wis. 2d 166, 174-75, 252 N.W.2d 347 (1977) ). "As part of the guarantee that he or she be sentenced on reliable information, a defendant has the right to rebut evidence that is admitted by a sentencing court." Spears , 227 Wis. 2d at 508-09 (citing Handel v. State , 74 Wis. 2d 699, 704, 247 N.W.2d 711 (1976) (circuit court does not abuse its discretion in sentencing the defendant when facts contained in a presentence report are not challenged or disputed by the defendant); State v. Damaske , 212 Wis. 2d 169, 196, 567 N.W.2d 905 (Ct. App. 1997) (at a sentencing hearing, a defendant need not be afforded an opportunity to cross-examine witnesses who present evidence of the defendant's prior criminal offenses "as long as the defendant has an opportunity to rebut the evidence"); and United States v. Lawrence , 934 F.2d 868, 874 (7th Cir. 1991) (a sentencing court may consider uncorroborated hearsay so long as the defendant has had an opportunity to rebut it)).
¶12 Our supreme court in Brozovich v. State noted that it had previously held that the prosecutor "may properly use information relating to complaints of other offenses in his [or her] argument on sentence. These complaints are evidence of a pattern of behavior which, in turn, is an index of the defendant's character, a critical factor in sentencing." Id. , 69 Wis. 2d 653, 661, 230 N.W.2d 639 (1975) (citation omitted).
II. Anwar did not have a due process right to require the State to turn the statements from the CHIPS petition over to the defense in advance of the sentencing hearing.
¶13 Anwar states that her appeal "relies on the case law for presentence investigations holding that defendants have a right to be sentenced in a fair manner by timely reviewing information (like PSIs) that the State intends to use prior to their sentencing." For the proposition that she was entitled to advance notice of the statements used at her sentencing, she cites State v. Skaff , 152 Wis. 2d 48, 447 N.W.2d 84 (Ct. App. 1989). Skaff held that the defendant "was entitled to obtain a copy of the PSI" prepared for sentencing, reversing the trial court, which had refused to allow the defendant to read his PSI. Id. at 57.
¶14 She argues that the statements used at her sentencing are the equivalent of a PSI report and that the rules that apply to PSI reports should apply here:
[I]f the State wishes to use statements or portions of the findings in a CHIPS procedure at sentencing, then the defense should be entitled to review, refute, explain, or supplement any of the information the State intends to use, just as the defense would have advance notice and opportunity to review a PSI report.
¶15 We are not persuaded for four reasons.
¶16 First, Anwar asserted in her opening brief that "the statements had not been previously turned over to the defense." The State's response brief noted "that the sentencing district attorney had specifically relied upon a CHIPS petition which would have been turned over to Anwar [pursuant to WIS. STAT. § 48.21(3)(b) ] as she was one of the parties to that proceeding." Anwar did not rebut that factual assertion in her reply brief. Accordingly, she is deemed to have conceded the State's assertion that she had actual notice of the statement's existence. See Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp. , 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments are deemed conceded).
¶17 Second, Anwar's reliance on Skaff is misplaced. Skaff does not hold, as she asserts, that defendants "have a right to be sentenced in a fair manner by timely reviewing information (like PSIs) that the State intends to use prior to their sentencing " (emphasis added). Rather, Skaff holds that a defendant has a right to review the PSI that is prepared for his or her sentencing. Id. , 152 Wis. 2d at 57. Anwar argues that the rule for PSIs-and only for PSIs-should be extended to apply to the statements the prosecutor used here because they came from a CHIPS petition, which she says is similar to a PSI because it is not a public document but rather a confidential one. Among many relevant differences between the PSI in Skaff and the CHIPS petition containing the statements of Anwar's son is this: the trial court had refused to allow Skaff to read the copy of the PSI, keeping it confidential from the defendant. Anwar does not allege that she was prevented from reading the CHIPS petition or that it was kept confidential from her.
¶18 Third, Anwar points to no law that requires the State to turn over anything to the defendant concerning what it plans to present to the trial court at sentencing. The law says the opposite: a prosecutor "may properly use information relating to complaints of other offenses in his [or her] argument on sentence." Brozovich , 69 Wis. 2d at 661. The law does not condition that proper use on advance notice to the defense.
¶19 Fourth, Anwar does not address the numerous cases, quoted above, holding that a defendant's right to due process at sentencing is satisfied so long as the defendant and counsel has the opportunity to rebut evidence that is admitted by a sentencing court. Spears , 227 Wis. 2d at 508-09. Anwar and her counsel were both given an opportunity to respond to the State's sentencing argument. Anwar did not elect to exercise her right to rebut the statements.
¶20 Because Anwar has not established that she is entitled to a new sentencing hearing, we affirm the judgment and the order.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The Honorable Thomas R. Wolfgram entered the judgment of conviction and presided over the sentencing hearing. The Honorable Cynthia Mae Davis denied the postconviction motion.