Rosalie V. COUILLARD, individually and as personal representative of the Estate of Oliver G. Couillard, Plaintiff-Respondent,

v.

William A. VAN ESS, David F. Van Ess, and Milwaukee Mutual Insurance Company, a Wisconsin insurance corporation, Defendants-Appellants. †

Court of Appeals

*No. 89-0104. Submitted on briefs July 24, 1989.—Decided August 22, 1989.*

(Also reported in 447 N.W.2d 391.)

† Petition to review denied.

For defendants-appellants there was a brief by *Wayne R. Peterson* and *Wayne R. Peterson, S.C.,* Green Bay.

For plaintiff-respondent there was a brief by *Gary R. Weidner* and *Hanaway, Ross, Hanaway, Weidner, Garrity & Bachhuber, S.C.,* Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   William and David Van Ess and their insurers appeal a judgment holding the Van Esses partially at fault as owners-lessors of factory premises where Oliver Couillard was involved in a fatal industrial accident. The Van Esses argue that they are immune from suit under the exclusive remedy provision of the worker's compensation statute because they, as sole shareholders, officers, and directors of Couillard's corporate employer, paid Couillard the total amount of compensation due him under the statute. Because the Van Esses' status as landlords is distinct from the corporation that employed Couillard, we reject this argument. They also argue that they had completely eliminated their duty of ordinary care as landlords when they

turned over possession of the premises to the corporation, free of defects. Because we decided in a previous opinion[1] that the Van Esses, as owners-lessors of the factory premises, owed a duty of ordinary care to Couillard despite relinquishment of possession, we affirm the judgment.

The Van Esses are the sole shareholders, officers, and directors, as well as active employees, of William Van Ess Concrete Block, Inc. (the corporation). The Van Esses are also the sole partners in a partnership that owns factory premises leased to the corporation. The lease is an absolute lease requiring the corporation to pay all taxes, insurance, expenses, repairs, and capital improvements and granting the Van Esses only the right to enter and inspect and to erect "For Rent" or "For Sale" signs if the lease terminates or expires.

The corporation manufactures cement-formed products. In the 1950's, the procedure used to mix cement included dumping wet cement from a mixer to a hopper through a seven-foot-square hole in the second story floor. Flip-up guardrails prevented access to the hole on two unblocked sides. In 1972, a new mixer was installed in an addition to the factory premises, and use of the original mixer was discontinued although left in place. In the late 1970's, the corporation decided to remove the old mixer to gain use of the space. The second story was to be razed, and the hole was to be patched to become the roof of the first floor. Until this could be completed, clear plastic was nailed across the hole to prevent heat loss from the first story. The demolition work proceeded on an occasional basis, using corporate employees. Sometime during 1980–81, the employees removed the

---

[1] *Couillard v. Van Ess,* 141 Wis. 2d 459, 415 N.W.2d 554 (Ct. App. 1987).

guardrails from the two sides of the hole to gain access to it.

Oliver Couillard was engaged in the second floor demolition when he stepped onto the plastic-covered hole and fell eleven feet to the first floor, sustaining injuries that resulted in his death two days later. The corporation, which is not a party to this suit, paid worker's compensation benefits to Couillard's widow and to her husband's estate. Couillard's widow and his estate then brought a sec. 102.29, Stats., third-party liability action against the Van Esses as owners-lessors of the factory premises, alleging common-law negligence as well as a violation of the Wisconsin safe place statute for failure to cover or guard the hole. The original verdict apportioned causal negligence 20% to the Van Esses, 75% to the corporation, and 5% to Couillard.

On appeal, this court reversed because there was insufficient evidence of control of the premises upon which to submit a statutory safe place instruction to the jury. Rather than completely dismissing the case, however, we concluded that the Van Esses, as owners-lessors, owed a duty of ordinary care to maintain the leased premises, and we remanded for a new trial on the issue of liability.

In the trial court, the Van Esses moved to dismiss the complaint, again arguing that they were immune from suit under the exclusive remedy provision of the worker's compensation statute. The court denied the motion, ruling that the "dual persona" exception to the exclusive remedy provision subjects the Van Esses to liability as third parties under sec. 102.29. The second jury apportioned 25% of the causal negligence to the Van Esses and 75% to the corporation. Judgment was granted on the verdict, and the Van Esses appeal.

Chapter 102 sets out Wisconsin's worker's compensation system. Section 102.03(2) provides that recovery of compensation under this chapter is the exclusive remedy against the employer. However, sec. 102.29 provides that this does not affect the employee's right to bring an action against a third party. The trial court unnecessarily invoked the dual persona doctrine as grounds to establish third-party liability.[2] That doctrine provides narrow exceptions to an employer's statutory immunity. *Henning v. General Motors Assembly Division,* 143 Wis. 2d 1, 14, 419 N.W.2d 551, 555 (1988). The court need not have searched for an exception to the employer's immunity because it is beyond dispute that a corporation is a separate entity from those who own it. *Jonas v. State,* 19 Wis. 2d 638, 644, 121 N.W.2d 235, 238 (1963). Thus, the legal distinction between the corporation/employer and the Van Ess partnership that leased the factory to the corporation eliminates the Van Esses' immunity as individuals.

The only remaining issue is whether the trial court improperly submitted the question of the Van Esses' negligence as landlords. Our decision in *Couillard I* returned this matter for a jury determination of the landlords' liability to a third-party injured on the premises. *Couillard I* rests upon language in *Pagelsdorf v. Safeco Ins. Co.,* 91 Wis. 2d 734, 744–45, 284 N.W.2d 55, 60–61 (1979) (emphasis supplied):

---

[2] *Schweiner v. Hartford Accid. & Indem. Co.,* 120 Wis. 2d 344, 354 N.W.2d 767 (Ct. App. 1984), upheld the use of the dual persona doctrine in order to impose liability on the corporate employer who merged with a corporation whose negligence had caused the employee's injury.

We conclude that there is no remaining justification for the landlord's general cloak of common law immunity and hereby abolish the general common law principle of nonliability of landlords toward persons injured as a result of their defective premises.
. . .

Issues of notice of the defect, its obviousness, *control of the premises,* and so forth are all relevant only insofar as they bear on the ultimate question: Did the landlord exercise ordinary care in the maintenance of the premises under all the circumstances?

Thus, the transfer of control of the premises to the tenant is only one factor. In this case, evidence of the notice of the defect and its obviousness to the Van Esses are further factors that the jury was entitled to weigh against them in reaching its verdict.

*By the Court.*—Judgment affirmed.