COMBS, C.J.:
*700 ¶ 1 The question presented in this cause is whether the sole shareholder of a corporation, who individually owns a property where an employee of the corporation sustained fatal injuries, is immune from suit for common-law negligence in district court under the provisions of the Oklahoma Workers' Compensation Act. We hold in the negative.
I.
FACTS AND PROCEDURAL HISTORY
¶ 2 James David Lind, Sr. (Decedent) was an employee of Defendant/Appellee Barnes Tag Agency Inc. (BTA). Decedent was hired on January 14, 2010, to perform maintenance work on property owned individually by Defendant Jim T. Roy Barnes (Barnes), the sole stockholder of BTA. On February 21, 2010, there was an explosion on the property while Decedent was present, resulting in a fire. Descendent sustained severe injuries that led to his death on February 26, 2010.
¶ 3 On February 21, 2012, Decedent's children filed a form 3A in the Workers' Compensation Court, seeking compensation under the Oklahoma Workers' Compensation Act (OWCA), 85 O.S. §§ 1 - 413 (repealed by Laws 2013, SB 1062, c. 208, § 171). The Workers' Compensation Court of Existing Claims entered orders in 2015 determining Decedent's injury arose out of the course and scope of his employment with BTA, and that Decedent's surviving minor children were entitled to death benefits. The Workers' Compensation Court of Existing Claims also determined, on November 17, 2015, that the Decedent was not an employee of Jim Barnes, and dismissed the workers' compensation claim against Jim Barnes individually with prejudice. No appeal was made from that order.
¶ 4 Plaintiff/Appellant Savannah Nicole Lind (Lind) is Decedent's adult daughter and the administrator of Decedent's estate. On February 21, 2012, Lind filed a wrongful death action in district court alleging Defendants breached a duty of care to assure that the premises were in a suitably safe condition. Defendants BTA and Barnes moved for summary judgment in the district court action, asserting Lind's district court action was barred by the exclusive remedy provision of the OWCA and her exclusive remedy lay in the Workers' Compensation Court of Existing Claims. On June 8, 2016, the trial court granted Defendants' motion for summary judgment, holding: 1) BTA was the employer of Decedent and benefits were sought and received under the OWCA; and 2) immunity from suit under the law extended to Defendants BTA and Barnes.
¶ 5 Lind appealed, filing a Petition in Error with this Court on July 1, 2016. Lind asserted the trial court erred by: 1) determining Lind could not pursue a third-party tort claim against Barnes individually for wrongful death; 2) determining the employer BTA's immunity from suit extended to Barnes, a third-party tortfeasor; 3) determining Barnes was the co-employee of Decedent within the context of the 85 O.S. Supp. 2006 § 3 ; and 4) adopting an incorrect interpretation of 85 O.S. Supp. 2005 § 3. The matter was assigned to Court of Civil Appeals.
¶ 6 The Court of Civil Appeals, Division IV, issued an opinion on September 12, 2017, in which it determined the issue on appeal was whether Barnes was entitled to immunity from Lind's claim that Barnes was liable as a third-party tortfeasor pursuant to 85 O.S. Supp. 2006 § 44, which address claims against third persons. The Court of Civil Appeals concluded: 1) Barnes was not Decedent's co-employee within the meaning of 85 O.S. Supp. 2006 § 3 ; and 2) Barnes was protected from suit by his status as a corporate shareholder combined with the Workers' Compensation Court of Existing Claims' factual findings and award of benefits.
¶ 7 Lind filed a Petition for Writ of Certiorari with this Court on October 3, 2017. We granted certiorari on January 16, 2018, and the matter was assigned to this office on January 17, 2018.
*701 II.
STANDARD OF REVIEW
¶ 8 The appellate standard of review of summary judgment is de novo .[1] Boyle v. ASAP Energy, Inc. , 2017 OK 82, ¶ 7, 408 P.3d 183 ; Tiger v. Verdigris Valley Electric Coop. , 2016 OK 74, ¶ 13, 410 P.3d 1007 ; Lowery v. Echostar Satellite Corp. , 2007 OK 38, ¶ 11, 160 P.3d 959. On appeal, this Court assumes plenary and non-deferential authority to reexamine a trial court's legal rulings. John v. St. Francis Hospital, Inc. , 2017 OK 81, ¶ 8, 405 P.3d 681 ; Stevens v. Fox , 2016 OK 106, ¶ 13, 383 P.3d 269 ; Kluver v. Weatherford Hosp. Auth. , 1993 OK 85, ¶ 14, 859 P.2d 1081.
¶ 9 Summary judgment will be affirmed only if the Court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Lowery , 2007 OK 38 at ¶ 11, 160 P.3d 959 ; Wathor v. Mut. Assur. Adm'rs, Inc. , 2004 OK 2, ¶ 4, 87 P.3d 559 ; Oliver v. Farmers Ins. Group of Cos. , 1997 OK 71, ¶ 6, 941 P.2d 985. All inferences and conclusions to be drawn from the materials must be viewed in a light most favorable to the nonmoving party. Tiger , 2016 OK 74 at ¶ 13, 410 P.3d 1007 ; Wathor , 2004 OK 2 at ¶ 4, 87 P.3d 559 ; Oliver , 1997 OK 71 at ¶ 6, 941 P.2d 985.
III.
ANALYSIS
¶ 10 This cause concerns the interpretation and application of several provisions of the OWCA that were in effect at the time of Decedent's injuries. Of primary importance is the OWCA's exclusive remedy provision, 85 O.S. Supp. 2006 § 12, which provides in pertinent part:
The liability prescribed in Section 11 of this title shall be exclusive and in place of all other liability of the employer and any of his employees, any architect, professional engineer, or land surveyor retained to perform professional services on a construction project, at common law or otherwise, for such injury, loss of services, or death, to the employee, or the spouse, personal representative, parents, or dependents of the employee, or any other person.
At the outset, this Court notes it is undisputed on appeal in this matter that Decedent was found to be an employee of BTA by the Court of Existing Claims, and that BTA was ordered to pay death benefits to Decedent's surviving minor children. The trial court's grant of summary judgment in favor of BTA, as Decedent's employer, was proper pursuant to the exclusive remedy provisions of 85 O.S. Supp. 2006 § 12, and Lind does not argue otherwise.
¶ 11 The question before this Court today is whether Barnes, individually, is protected from Lind's suit by the provisions of the OWCA. Title 85 O.S. Supp. 2006 § 44 addresses claims against third persons, and provides in pertinent part:
(a) If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other.
A. Barnes Was not Decedent's Co-employee
¶ 12 Barnes first argument on appeal is that he was a co-employee of Decedent and thus 85 O.S. Supp. 2006 § 44 does not authorize Lind's suit against him personally. The COCA determined Barnes was not a co-employee of Decedent and we agree.
*702 ¶ 13 The definition of employee under the OWCA is provided by 85 O.S. Supp. 2006 § 3, which provides in pertinent part:
[A]ny stockholder-employees of a corporation who own ten percent (10%) or more stock in the corporation are specifically excluded from the foregoing definition of "employee", and shall not be deemed to be employees as respects the benefits of the Workers' Compensation Act.... Sole proprietors, members of a partnership, members of a limited liability company who own at least ten percent (10%) of the capital of the limited liability company or any stockholder-employees of a corporation who own ten percent (10%) or more stock in the corporation may elect to include the sole proprietors, any or all of the partnership members, any or all of the limited liability company members or any or all stockholder-employees as employees, if otherwise qualified, by endorsement to the policy specifically including them under any policy of insurance covering benefits under the Workers' Compensation Act. When so included, the sole proprietors, members of a partnership, members of a limited liability company or any or all stockholder-employees shall be deemed to be employees as respects the benefits of the Workers' Compensation Act.
It is uncontroverted in the record before this Court that BTA's workers' compensation insurance policy did not contain an endorsement listing Barnes as an employee and that Barnes had also expressly rejected such coverage. See Record on Accelerated Appeal, Objection to Motion for Summary Judgment, Exhibit B, at p. 18. Barnes effectively acknowledged this to be the case in his Reply in Support of Motion for Summary Judgment:
1. Defendant Barnes was not an employee of Defendant Agency within the Context of the Oklahoma Workers' Compensation Act.
Reply: Defendant Jim T. Roy Barnes ("Barnes") is still afforded immunity from suit by the Oklahoma Workers' Compensation Act by virtue of his status as an officer and shareholder of the Barnes Tag Agency, Inc. ("Barnes Tag").
Barnes Defendants' Reply in Support of Motion for Summary Judgment, at p.1. The Court of Civil Appeals correctly determined Barnes was not a co-employee of Decedent.
B. Barnes Is not Immune from Suit Individually for Breach of Duties Stemming from his Ownership of the Property Where Decedent was Injured.
¶ 14 Barnes' primary argument on appeal is that he is protected from suit under 85 O.S. Supp. 2006 § 12 and 85 O.S. Supp. 2006 § 44 due to his status as owner and sole shareholder of BTA. Before the trial court, Barnes cited the recent overhaul of Oklahoma workers' compensation law embodied in the new Administrative Workers' Compensation Act (AWCA). Barnes asserted that the new exclusive remedy provision, 85A O.S. Supp. 2013 § 5[2] , merely codifies an established tenet that shareholders and corporate officers are afforded immunity to the same extent as an employer under workers' compensation law.
¶ 15 This Court recently examined the effect of 85A O.S. Supp. 2013 § 5(A) in *703 Odom v. Penske Truck Leasing Co. , 2018 OK 23, 415 P.3d 521. In that cause, this Court determined that 85A O.S. Supp. 2013 § 5(A) does not bar an employee from bringing a cause of action in tort against a stockholder of their employer for independent tortious acts when the stockholder is not acting in the role of employer. Odom , 2018 OK 23 at ¶ 44, 415 P.3d 521. In reaching that conclusion, we noted:
[A]n interpretation that extends the protections of the exclusivity provision absolutely to potentially legally distinct non-employer entities such as stockholders, regardless of how passive their connection to the employment relationship is, goes far beyond that original purpose and conflicts with later portions of 85A O.S. Supp. 2013 § 5(A).
Odom , 2018 OK 23 at ¶ 37, 415 P.3d 521.
Odom , however, concerned the new exclusive remedy provision and not the interplay between 85 O.S. Supp. 2006 § 12 and 85 O.S. Supp. 2006 § 44.
¶ 16 This Court appears to have never decisively answered the question of whether those provisions shield a stockholder of an employer from suits related to the stockholder's independent tortious conduct as a third party, though we have considered the reverse situation where an injured employee sought to pierce the corporate veil and hold stockholders liable for the actions of the employer corporation. For example, in Kenkel v. Parker , 2015 OK 81, 362 P.3d 1145, this Court determined that principles of corporate law barred a suit against an employer's stockholders individually for the corporation's failure to secure workers' compensation coverage. That cause, however, concerned an attempt to hold shareholders liable for the employer corporation's actions. Here, Lind's suit is rooted in Barnes alleged negligence as the holder of the property in question, which is individually titled to him and not BTA. Lind is not attempting to hold Barnes personally liable for alleged negligence on the part of BTA. This distinction matters.
¶ 17 The Court of Civil Appeals relied upon a provision of Larson's Workers' Compensation Law § 113.02 (Matthew Bender 2017) to reach the conclusion that Lind's suit against Barnes is barred:
It is held with virtual unanimity that an employer cannot be sued as the owner or occupier of land, whether the cause of action is based on common-law obligations of landowners or on statutes such as safe place statutes or structural work acts.
Apart from the basic argument that mere ownership of land does not endow a person with a second legal persona or entity, there is an obvious practical reason requiring this result....
Moreover, if the circumstances are such that a president and sole stockholder of a corporation would be immune to suit by an employee, he or she does not lose that immunity by also being the owner of the land.
At the outset, it must be noted that the first two paragraphs of this section of the treatise concern application of the dual-capacity doctrine, applicable under the old OWCA when an employee sought to sue an employer in tort based on some other role, capacity, or persona than its capacity as an employer. See Odom , 2018 OK 23 at ¶ 11-12, 415 P.3d 521 ; Weber v. Armco, Inc. , 1983 OK 53, ¶¶ 6-7, 663 P.2d 1221. See also Evans v. Thompson , 124 Wash.2d 435, 879 P.2d 938, 942 (1994) ("Larson's text makes this generalized statement: 'It is held with virtual unanimity that an employer cannot be sued as the owner or occupier of land [.]' 2A Arthur Larson, Workmen's Compensation § 72.82 (1988). However, this general statement refers to the situation where the entity which is the employer is also the same entity which owns the land."). The dual-capacity doctrine is not directly implicated in this cause, because Lind is no longer pursuing any cause of action in tort against the employer, BTA, based on some other persona it possessed. Rather, Lind is suing Barnes personally as a third party and separate legal person based on his own personal ownership of the premises and the duties attached to that ownership.
¶ 18 It is the final paragraph of the Larson treatise that is relevant here, and the stated principle is not held with the same "virtual unanimity." Several jurisdictions recognize *704 that a shareholder's status as a distinct legal entity from the employer corporation eliminates their immunity under workers' compensation law for torts based upon the shareholders' status as landholders. For example, in Couillard v. Van Ess , 152 Wis.2d 62, 447 N.W.2d 391, 393, (Wis. Ct. App. 1989), the Wisconsin Court of Appeals noted:
The court need not have searched for an exception to the employer's immunity because it is beyond dispute that a corporation is a separate entity from those who own it. Jonas v. State, 19 Wis.2d 638, 644, 121 N.W.2d 235, 238 (1963). Thus, the legal distinction between the corporation/employer and the Van Ess partnership that leased the factory to the corporation eliminates the Van Esses' immunity as individuals.
The court in that cause recognized that a sole-shareholder partnership leasing land to the employer corporations was not immune from suit under workers' compensation law due to its status as a legal third party.
¶ 19 Similarly, in LaBelle v. Crepeau , 593 A.2d 653, 655 (Maine 1991), the Supreme Judicial Court of Maine determined that a shareholder of an employer could be sued as a third party for claims based on ownership of the premises he leased to the employer. The court determined:
Here, the employer who secured payment of benefits for plaintiff, Crepeau Motors, Inc., is immune from any civil action. Plaintiff's exclusive remedy against Crepeau Motors, Inc. is worker's compensation. Likewise, plaintiff cannot sue defendant in any capacity that was related to defendant's employment or association with Crepeau Motors, Inc as employee or officer. Defendant, however, was not sued in his capacity as employee or corporate officer. Rather, he was sued individually as the owner of premises he leased to a separate corporate entity, solely for failure to conform to an alleged legal duty on the part of a landlord to assure the safety of the premises.
LaBelle , 593 A.2d at 655 (Maine 1991).
¶ 20 The Supreme Court of New Jersey reached the same conclusion in Lyon v. Barrett , 89 N.J. 294, 304-305, 445 A.2d 1153, 1158 (N.J. 1982). In that cause, the court determined the sole owner of a professional corporation was still potentially liable in tort as a landlord. The court explained:
A professional corporation and its sole owner are separate entities and the immunity of the workers' compensation laws that shields the corporation from tort liability to employees does not extend to the owner of the corporation. Absent fraud or the like, corporate independence should not insulate a principal from liability to an injured corporate employee where the principal would otherwise be liable for the injuries. Piercing the corporate veil, a doctrine created to defeat fraud and injustice, should not be misapplied to defeat the benevolence of the workers' compensation laws. In general, the veil that protects a corporate principal from liability for business debts of the corporation, including the obligation to provide workers' compensation benefits, also precludes that principal from claiming the immunity of the corporation from liability in negligence to an injured employee. Incorporation carries benefits as well as burdens; one cannot claim the benefits without the burdens.
Lyon , 89 N.J. at 304, 445 A.2d at 1158 (N.J. 1982).
¶ 21 Not all jurisdictions, however, are in agreement. For example, in Jackson v. Gibson , 409 N.E.2d 1236, 1238-39 (Ind. App. 1980), the Court of Appeals of Indiana held that an individual, who was president of corporate employer and was supervising or directing the work of corporation's employee, was liable to employee for his injuries only as set out in the Workmen's Compensation Act and could not be held liable, as a separate entity, as owner of the land on which employee was injured. That holding, however, was based on specific language in the state's workers compensation statutes. Jackson , 409 N.E.2d at 1238-39. New York has a similar precedent, but it treats the corporate officer/landowner as a co-employee, which as discussed above is not the case here because of the language of the OWCA. See Ozarowski v. Yaloz Realty Corp. , 181 A.D.2d 763, 764, 581 N.Y.S.2d 248 (N.Y. App. Div. 1992). See also *705 Henderson v. Meredith Lumber Co. , 190 W.Va. 292, 298, 438 S.E.2d 324, 330 (W. Va. 1993) ("Applying our traditional method of statutory interpretation we find that when the employer's officer, manager, agent, representative or employee is also the owner of the place of employment, that person under the terms of W.Va. Code 23-2-6a [1949] is immune from liability so long as the action is in furtherance of the employer's business and does not deliberately inflict an injury.").
¶ 22 Based on Oklahoma law and the reasoning of other jurisdictions that have considered similar questions, this Court concludes that the OWCA does not bar Lind's suit against Barnes as a third-party property owner. As the Supreme Court of New Jersey correctly noted, extending employer immunity under the circumstances is conceptually similar to the legal concept of reverse piercing of the corporate veil. See Lyon , 89 N.J. at 304, 445 A.2d at 1158. That doctrine applies in situations where a plaintiff seeks to hold a corporation liable for the actions of its shareholders or someone else who controls the entity. U.S. v. Badger , 818 F.3d 563, 568 (10th Cir. 2016). As the United States Court of Appeals for the Tenth Circuit noted in In re Denton , 203 F.3d 834 (Table) (10th Cir. 2000), this Court has never adopted the reverse-piercing doctrine. To the contrary, this Court continues to stress the legal distinction between a corporation and its shareholders in the context of the OWCA. See Kenkel , 2015 OK 81 at ¶¶ 10-18, 362 P.3d 1145.
¶ 23 It is useful to look once again to this Court's decision in Odom to understand why shareholders may be liable as third-parties under the OWCA by comparing the OWCA's provisions to those that replaced them with the adoption of the AWCA. Title 85A O.S. Supp. 2013 § 5 of the new AWCA specifically added immunity for stockholders to the exclusive remedy protections of Oklahoma workers' compensation law. This language is a new addition to Oklahoma workers' compensation law. Barnes asserts this language was merely added to codify traditional corporate law principles. However, as discussed above, under traditional corporate law principles a corporation would not generally be liable for the independent torts of a stockholder, and most jurisdictions that hold suits like Lind's to be barred are rooted in the landowner's status as a co-employee or other specific statutory provisions. There is no specific language in 85 O.S. Supp. 2006 § 12 and 85 O.S. Supp. 2006 § 44 that would bar Lind's suit in this instance. Though this Court has not considered this specific situation before, the statutes themselves are clear.
¶ 24 Where the former statute was clear, an amendment may reasonably indicate that the intention of the Legislature was to alter the law. Dean v. Multiple Injury Trust Fund , 2006 OK 78, ¶ 16, 145 P.3d 1097 ; Magnolia Pipe Line Co. v. Oklahoma Tax Commission , 1946 OK 113, ¶ 11, 196 Okla. 633, 167 P.2d 884, 888. Language in the new exclusive remedy provision of the AWCA, 85A O.S. Supp. 2013 § 5, indicates intent by the Oklahoma Legislature to grant immunity from suit where it did not previously exist: to stockholders of an employer corporation when sued for allegedly independent tortious conduct. As discussed in Odom , even that grant of immunity is limited to situations where the stockholder was acting in the role of the employer. 2018 OK 23, ¶¶ 37-39, 415 P.3d 521.
IV.
CONCLUSION
¶ 25 No express grant of immunity under the circumstances exists pursuant to 85 O.S. Supp. 2006 § 12 and 85 O.S. Supp. 2006 § 44, and this Court is persuaded by the rationale of those jurisdictions that permit suits against shareholders of a corporate entity for their independent tortious conduct as a third-party landowner. A corporation and its sole owner and shareholder are separate entities and the immunity of the workers' compensation laws that shields the corporation from tort liability to employees does not extend to the owner of the corporation as a third-party landowner. See Lyon , 89 N.J. at 304, 445 A.2d at 1158 (N.J. 1982) ; LaBelle , 593 A.2d at 655 (Maine 1991). The opinion of the Court of Civil Appeals is vacated. The order of the trial court is affirmed in part and reversed in part, and this cause is remanded for proceedings consistent with this opinion.
CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; ORDER OF THE TRIAL COURT AFFIRMED IN PART AND REVERSED IN PART; CAUSE REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION
CONCUR: COMBS, C.J., GURICH, V.C.J., KAUGER, EDMONDSON, COLBERT, and WYRICK (by separate writing), JJ.
DISSENT: WINCHESTER (by separate writing) and REIF, JJ.
NOT PARTICIPATING: DARBY, J.

The parties and the trial court correctly treated Defendants' motion as one for summary judgment, despite Defendants' assertion that the trial court lacked subject matter jurisdiction because Lind's tort claim was barred by the exclusive remedy provision of the OWCA. When a motion going to the court's jurisdictional power to hear a matter is intertwined with the merits of the controversy, a motion challenging the court's jurisdictional power should be treated as one for summary judgment. State ex rel. Bd. of Regents of Univ. of Okla. v. Lucas , 2013 OK 14, ¶ 10, 297 P.3d 378. See Powers v. Dist. Ct. of Tulsa County , 2009 OK 91, ¶ 6, 227 P.3d 1060.

Title 85A O.S. Supp. 2013 § 5 provides in pertinent part:
A. The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer, or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death. Negligent acts of a co-employee may not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have. For the purpose of extending the immunity of this section, any operator or owner of an oil or gas well or other operation for exploring for, drilling for, or producing oil or gas shall be deemed to be an intermediate or principal employer for services performed at a drill site or location with respect to injured or deceased workers whose immediate employer was hired by such operator or owner at the time of the injury or death.